IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **DEREK LEONARD HEARON,** | : | **PRISONER CIVIL RIGHTS** |
| Plaintiff, | : | **42 U.S.C. § 1983** |
| | : | |
| v. | : | |
| | : | |
| **SHERIFF BUTCH CONWAY,** | : | **CIVIL ACTION NO.** |
| et al., | : | **1:16-CV-0239-WSD-AJB** |
| Defendants. | : | |

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

Plaintiff, Derek Leonard Hearon, confined in the Gwinnett County Detention Center (GCDC) in Lawrenceville, Georgia, has submitted a civil rights complaint and by separate Order was granted *in forma pauperis* status. The matter is now before the Court on the complaint, [Doc. 1], for screening under 28 U.S.C. § 1915A.

**I.  28 U.S.C. § 1915A Standard**

Section 1915A of Title 28 requires the federal court to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Bingham v. Thomas*, 654 F.3d 1171, 1175

AO 72A
(Rev.8/8
2)

(11th Cir. 2011) (quoting *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008)) (internal quotation marks omitted). To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "A plaintiff . . . must plead facts sufficient to show that her claim has substantive plausibility" and inform the defendant of "the factual basis" for the complaint. *Johnson v. City of Shelby*, _ U.S. _, 135 S. Ct. 346, 347 (2014).

In reviewing whether a plaintiff has stated a claim, the Court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff. *Franklin v. Curry*, 738 F.3d 1246, 1248 (11th Cir. 2013); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (discussing court's authority to disregard frivolous factual allegations). Further, the Court holds *pro se* pleadings to a less stringent standard than pleadings drafted by lawyers. *Bingham*, 654 F.3d at 1175. Although courts show leniency to *pro se* litigants, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)) (internal quotation marks omitted), *cert. denied*, _ U.S. _, 135 S. Ct. 759 (2014).

2

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege facts plausibly showing that (1) a person acting under color of state law (2) deprived him of a right secured by the Constitution or federal law. *Bingham*, 654 F.3d at 1175. If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

**II.   Discussion**

Plaintiff brings this action against Sheriff Butch Conway; Securus Tech, Inc. ("Securus"), a vendor at the GCDC; and Mr. Ray Cruise, a Securus representative. (Compl., Attach., ECF No. 1.) Plaintiff alleges the following. (*Id.* ¶ IV and Attach.) The GCDC previously provided hearing-impaired prisoners with access to a free teletype ("TTY") machine for phone calls. Certain deputies observed that hearing prisoners paid for phone calls with phone cards and opined that TTY access should not be free. Free TTY phone access ended, and Plaintiff now must use AT&T to make costly collect calls because the TTY phone does not accept phone cards. The TTY phone (apparently in dorm 2-H) is outdated, "the noise in the dorm causes garble[d] words," and "the relay operator does not understand my typing." If Plaintiff uses video

3

visitation, he must use sign language.  Plaintiff also can buy a ten dollar Securus phone card but loses the benefit of confidentiality as he must ask a third party to assist him when he talks with his attorney or a family member.  (*Id.*)  Plaintiff contends that the GCDC telephone system for the hearing impaired is non-compliant with the Americans with Disabilities Act ("ADA"), and he seeks a jury trial and damages.  (*Id.* ¶ V.)[1]

> Title II of the ADA prohibits a "public entity" from discriminating against "a qualified individual with a disability" on account of the individual's disability, as follows:
>
> > [N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.
>
> 42 U.S.C. § 12132. . . . The Supreme Court has instructed that a disabled prisoner can state a Title II–ADA claim if he is denied participation in an activity provided in state prison by reason of his disability.

*Bircoll v. Miami-Dade Cty.*, 480 F.3d 1072, 1081 (11th Cir. 2007) (citing *Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 211 (1998)).  Thus, Title II of the ADA does not allow a public entity, such as a state prison, to exclude a qualified/disabled individual from the entity's services or programs on account of their disability.  *United States v.*

---

[1] In a letter to the Court, Plaintiff also states that he has provided the jail with information on a system for the deaf that would offer free services and that he has contacted Fox 5 News via the old TTY phone. (Correspondence, ECF No. 5.)

*Georgia*, 546 U.S. 151, 153-54, 159 (2006). To state a claim under the ADA, "a plaintiff generally must prove (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability." *Bircoll*, 480 F.3d at 1083. To prevail on a claim for compensatory damages under the ADA, a plaintiff must show discriminatory intent, which requires a showing of more than negligence. *McCullum v. Orlando Reg'l Healthcare Sys., Inc.*, 768 F.3d 1135, 1147 (11th Cir. 2014).

A Title II ADA claim must be brought against a public entity, and a suit against a state official in his or her official capacity is in effect against the public entity. *Slaughter v. Georgia Dep't of Corr.*, No. 5:15-CV-90, 2016 WL 915260, at *3 (S.D. Ga. Mar. 4, 2016) (directing the clerk of court to add as defendant the proper public entity). The term public entity, however, does not include a prison official in his individual capacity or a private corporation. *See Edison v. Douberly*, 604 F.3d 1307, 1310 (11th Cir. 2010) (holding that private prison management corporation, GEO Care

5

Group, Inc., is not a public entity that is subject to liability under Title II of the ADA);[2] *Slaughter*, No. 5:15-CV-90, 2016 WL 915260, at *3 ("Plaintiff cannot bring a claim under Title II of the ADA against prison staff and officials individually.").

Additionally, Title II abrogates State Eleventh Amendment immunity, but only "insofar as Title II creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment." *Georgia*, 546 U.S. at 159. Under the Fourteenth Amendment, states, among other things, may not deny any person the equal protection of the laws, U.S. Const. amend. XIV, § 1, and may not abridge freedom of speech under the First Amendment, *Al Amin v. Smith*, 511 F.3d 1317, 1333 (11th Cir. 2008).

To state an equal protection claim in the absence of membership in a protected class,[3] a plaintiff must allege that (1) he is similarly situated to (2) "comparators [who

---

[2] A public entity is "any department, agency, special purpose district, or other instrumentality of a State or States or local government," 42 U.S.C. § 12131(1)(B), all of which refer to a "*governmental* unit." *Edison*, 604 F.3d at 1309-10 ("[A] private corporation was not a public entity merely because it contracted with the public entity to provide a specialized transit program for disabled persons.").

[3] Under the Equal Protection Clause of the federal Constitution, disability is not a protected class and therefore receives rational basis review. *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 366 (2001).

AO 72A
(Rev.8/82)

are] prima facie identical in all relevant respects," and that (3) defendants have intentionally treated him differently, (4) without any rational basis. *See Campbell v. Rainbow City, Ala.*, 434 F.3d 1306, 1314 (11th Cir. 2006). Under the First Amendment, an inmate retains "rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections' system." *Al Amin*, 511 F.3d at 1333 (quoting *Pell v. Procunier*, 417 U.S. 817, 822 (1974)) (internal quotation marks omitted). Communication rights generally include the right to communicate with counsel, and prison practices should not "chill[], inhibit[], or interfere[]" with a prisoner's "ability to speak, protest, and complain openly to his attorney so as to infringe his right to free speech." (*Id.*) (examining right to communicate with counsel via the mail). Under the First Amendment, prisoners and pre-trial detainees have a right to "at least some" telephone access in order to contact friends and family, subject to reasonable restrictions based on legitimate order and security concerns. *Feeley v. Sampson*, 570 F.2d 364, 374 (1st Cir. 1978); *see also Pope v. Hightower*, 101 F.3d 1382, 1384 (11th Cir. 1996) (applying *Turner v. Safley*, 482 U.S. 78, 89-91 (1987), factors to determine reasonableness of restrictions on prisoner's First Amendment right to telephone access). In determining reasonableness, a court should consider: "(1) whether there is a 'valid, rational connection' between

7

the regulation and a legitimate governmental interest put forward to justify it; (2) whether there are alternative means of exercising the asserted constitutional right that remain open to the inmates; (3) whether and the extent to which accommodation of the asserted right will have an impact on prison staff, inmates, and the allocation of prison resources generally; and (4) whether the regulation represents an 'exaggerated response' to prison concerns." *Pope*, 101 F.3d at 1384 (citing *Turner*, 482 U.S. at 89-91). Alternative means of communication include receiving visitors and using written correspondence. *Id.* at 1385.

Because only public entities are liable under the ADA, Plaintiff does not state an ADA claim against Sheriff Brown in his personal capacity. *See Slaughter*, 2016 WL 915260, at *3. Additionally, Securus Tech. Inc. is a private not public entity. Therefore, Securus and its representative Cruise, also cannot be held liable under Title II of the ADA. *See Edison*, 604 F.3d at 1310; *see also Sims v. SecurusTech.net Connection*, No. 13-CV-5190-SJF-GRB, 2014 WL 1383084, at *5 (E.D.N.Y. Apr. 8, 2014) ("SecurusTech.net is a private entity, not a state actor."); *Clay v. Steele*, No. 4:12-CV-2001-CDP, 2013 WL 5442792, at *8 (E.D. Mo. Sept. 30, 2013) ("Securus Technologies, Inc. is a private company."); *Whitaker v. Dir., TDCJ-CID*, No. 9:11-CV-68, 2013 WL 2318889, at *15 (E.D. Tex. May 27, 2013) ("The fact that

8

Securus has contracted with the Texas Department of Criminal Justice to provide telephone services to prisoners does not make Securus or any of its employees state actors.").

To the extent that Sheriff Brown may be sued under the ADA in his official capacity, Plaintiff's attempt to state a claim under the ADA fails because Plaintiff does not show that officials have intentionally excluded him from phone service because of his disability and because he does not show a First Amendment or Equal Protection Clause violation under the Fourteenth Amendment.  Plaintiff indicates no difficulty with the TTY machine when it was cost free, and his current assertions about dorm noise and the relay operator are insufficient to show that the TTY machine has become unusable.  Plaintiff's allegations indicate that he still may place collect calls via a TTY machine, use video visitation with persons who understand sign language, and use a phone and phone/card system with a third-party.  The cost of collect calls for the TTY machine and Plaintiff's difficulty using the TTY machine are insufficient to show a violation of Plaintiff's First Amendment communication rights when Plaintiff also has access to a phone and phone card (with the help of a third person) and access to written correspondence.  On the whole, the Court finds no violation of Plaintiff's First Amendment communication rights.

9

Additionally, under the Equal Protection Clause, Plaintiff does not show that it was irrational for the prison to end free TTY phone calls for the hearing impaired and instead to provide collect TTY phone calls along with the option of using calling cards with third party assistance.[4] *See Lofton v. Sec'y of Dep't of Children & Family Servs.*, 358 F.3d 804, 818 (11th Cir. 2004) (describing deferential standard for rational basis review); *see also Douglas v. Gusman*, 567 F. Supp. 2d 877, 887-88 (E.D. La. 2008) (finding no intentional discrimination under the ADA and no equal protection violation based on rational limitations on the use of the facility TTY phone even though there was unlimited use of regular inmate phone).

### III.  Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that, pursuant to 28 U.S.C. § 1915A, this action be **DISMISSED**, without prejudice, for failure to state a claim.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

---

[4] When a *pro se* plaintiff fails to state a claim and a more carefully drafted complaint might state a claim, dismissal should be without prejudice. *Quinlan v. Pers. Transp. Servs. Co.*, 329 Fed. Appx. 246, 249 (11th Cir. June 5, 2009) (stating that district court does not need *sua sponte* to "allow a plaintiff an opportunity to amend where it dismisses a complaint without prejudice") (citations omitted).

      **IT IS SO RECOMMENDED and DIRECTED**, this __22nd__ day of __April__, 2016.

_/s/ Alan J. Baverman_
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

11

AO 72A
(Rev.8/82)