IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DEREK LEONARD HEARON,

    Plaintiff,

v.

SHERIFF BUTCH CONWAY,
SECURUS TECH, INC., Vendor,
and RAY CRUISE, Vendor
Representative,

    Defendants.

1:16-cv-239-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Alan J. Baverman's Final Report and Recommendation [6] ("R&R"), recommending that this action be dismissed without prejudice.

## I.    BACKGROUND[1]

Plaintiff Derek Leonard Hearon ("Plaintiff") is a deaf prisoner at the Gwinnett County Detention Center ("GCDC") in Lawrenceville, Georgia. GCDC generally requires prisoners to use "phone cards" to pay for their telephone calls.

---

[1] The facts are taken from the R&R and the record. Plaintiff has not objected to any specific facts in the R&R, and the Court finds no plain error in them. The Court thus adopts the facts set out in the R&R. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

(Compl. at 8). GCDC previously allowed hearing-impaired prisoners to make free telephone calls on a teletypewriter ("TTY") machine, including because the TTY does not accept phone cards. (Compl. at 3-4, 8).[2] GCDC now requires prisoners who wish to use the TTY to do so through "collect calls," which require the recipient to bear the expense of the TTY call. (Compl. at 3-4, 8); see http://www.thefreedictionary.com /collect+call (defining a "collect call" as "a telephone call that the receiving party is asked to pay for"). This policy change occurred after GCDC determined it was unfair to allow hearing-impaired prisoners to make free calls when other prisoners were required to pay for their calls. (Compl. at 8).

Plaintiff alleges that the TTY is "outdated" and that "the noise in the dorm causes garble[d] words and the relay operator does not understand [his] typing." (Compl. at 3-4). Plaintiff states that he sometimes uses "video visitation" in lieu of the TTY but that he is required to use sign language to do so. (Compl. at 3-4, 8). Plaintiff states that he also uses ordinary telephones with assistance from third

---

[2] A TTY is "a telegraphic apparatus by which signals are sent by striking the letters and symbols of the keyboard of an instrument resembling a typewriter and are received by a similar instrument that automatically prints them in type corresponding to the keys struck." http://www.dictionary.com/browse/teletypewriter?s=t; see also https://www.merriam-webster.com/dictionary/teletype (defining a teletype machine as "a printing device resembling a typewriter that is used to send and receive telephonic signals.").

parties, but that this undermines the privacy or confidentiality of his communications. (Compl. at 3-4, 8).

On January 19, 2016, Plaintiff filed his Complaint [1], asserting a claim under Title II of the Americans with Disabilities Act ("ADA"). Plaintiff asserts that GCDC "is not ADA (American Disabilities Act) compliant in regards to their telephones not being properly programmed for the hearing impaired." (Compl. at 4). He seeks damages. On April 22, 2016, the Magistrate Judge screened Plaintiff's Complaint and issued his R&R, recommending that this action be dismissed without prejudice.[3] Plaintiff did not file objections to the R&R.

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).

---

[3]   A federal court must screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The Court is required to dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). A claim is frivolous, and must be dismissed, where it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008).

A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Where no party has objected to the report and recommendation, the Court conducts only a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam). Plaintiff has not filed objections to the R&R, and the Court thus reviews it for plain error.

B. Analysis

"Title II of the ADA prohibits a 'public entity' from discriminating against 'a qualified individual with a disability.'" Bircoll v. Miami-Dade Cty., 480 F.3d 1072, 1081 (11th Cir. 2007) (quoting 42 U.S.C. § 12132).[4]

> In order to state a Title II claim, a plaintiff generally must prove (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability.

Id. at 1083. "To prevail on a claim for compensatory damages under . . . the ADA, a plaintiff must show that a defendant violated his rights under the statute[] and did so with discriminatory intent." McCullum v. Orlando Reg'l Healthcare Sys., Inc.,

---

[4] A prison is a "public entity" and thus is required to comply with Title II. United States v. Georgia, 546 U.S. 151, 154 (2006).

4

768 F.3d 1135, 1146-47 (11th Cir. 2014). "That is an exacting standard, which requires showing more than gross negligence." Id. at 1147. "[A] plaintiff must show that the defendant *knew* that harm to a federally protected right was substantially likely and *failed* to act on that likelihood." Id.

The Magistrate Judge found that Plaintiff fails to state an ADA claim against Defendants Securus Tech, Inc. ("Securus"), a private company, and Ray Cruise, a Securus representative, because neither Defendant is a "public entity." The Magistrate Judge concluded, for the same reason, that Plaintiff fails to state a claim against Defendant Sheriff Butch Conway ("Sheriff Conway") in his individual capacity. The Court finds no plain error in these determinations. See Edison v. Douberly, 604 F.3d 1307, 1308 (11th Cir. 2010) ("Only public entities are liable for violations of Title II of the ADA."); Slaughter v. Georgia Dep't of Corr., No. 5:15-cv-90, 2016 WL 915260, at *3 (S.D. Ga. Mar. 4, 2016) ("Plaintiff cannot bring a claim under Title II of the ADA against prison staff and officials individually."); Sims v. SecurusTech.net Connection, No. 13-cv-5190, 2014 WL 1383084, at *5 (E.D.N.Y. Apr. 8, 2014) ("SecurusTech.net is a private entity, not a state actor."); Clay v. Steele, No. 4:12-cv-2001, 2013 WL 5442792, at *8 (E.D. Mo. Sept. 30, 2013) ("Securus Technologies, Inc. is a private company."); Whitaker v. Dir., TDCJ-CID, No. 9:11-cv-68, 2013 WL 2318889, at *15

5

(E.D. Tex. May 27, 2013) ("The fact that Securus has contracted with the Texas Department of Criminal Justice to provide telephone services to prisoners does not make Securus or any of its employees state actors.").

The Magistrate Judge also found that Plaintiff fails to state an ADA claim against Sheriff Conway in his official capacity, because Plaintiff can adequately communicate with people using the TTY machine, written correspondence, video communication and, with the help of a third party, an ordinary telephone. (R&R at 8-9). The Court finds no plain error in this conclusion. Plaintiff does not allege facts plausibly suggesting discrimination under the ADA, and his Complaint is required to be dismissed. Cf. Douglas v. Gusman, 567 F. Supp. 2d 877, 887-88 (E.D. La. 2008) (finding no intentional discrimination under the ADA and no equal protection violation based on rational limitations on the use of the facility TTY phone even though there was unlimited use of regular inmate phone).

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Alan J. Baverman's Final Report and Recommendation [6] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** this 28th day of April, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE